On the Merits.
 

 LAND, J.
 

 Mrs. Caroline Repak, wife of John Repak, was recognized by a judgment of the civil district court for the parish of Orleans as the daughter and sole heir of Mrs.
 
 *731
 
 Veronica Pavelka, who died intestate in the city of New Orleans on March 22, 1924. She was sent, under said judgment, into possession of the undivided one-half interest of her deceased mother in community property acquired during her marriage with Frank Pavelka, the second husband of decedent.
 

 Mrs. Repak is of full age, and is the child by a former marriage of her mother with Joseph Kurucar.
 

 After having been placed in possession of the estate of her mother, Mrs. Repak, as co-owner, instituted suit against Frank Pavelka, surviving husband in community, and prayed for a partition of the property by licitation. Pavelka answered the demand for partition by denying that Mrs. Repak was an heir, or that she had any interest in the community, and averred that he was entitled to the entire property as surviving spouse.
 

 Frank Pavelka has appealed from a judgment in favor of Mrs. Repak ordering a partition of the community property in kind, and from a judgment maintaining an exception of no cause of action to an action in nullity brought by appellant to annul a judgment sending Mrs. Repak and appellant into possession of the community property.
 

 1. The ’ legal rights of the respective parties depend upon a proper construction of the provisions of Act 160 of 1920, which reads as follows:
 

 “When either husband or wife shall die, leaving neither father nor mother nor descendants, and without having disposed by last will and testament of his or her share of the community property, such undisposed of share shall be inherited by the surviving spouse in full ownership. In the event the deceased leave descendants his or her share in the community estate shall be inherited by such descendants in the manner provided by law.”
 

 It is the contention of counsel for Frank Pavelka that, as Mrs. Repak is not a child of the second marriage, she cannot inherit the interest in her mother in the community property acquired during that marriage, but that he, as surviving spouse, is entitled to the entire property.
 

 There can be no question in this case that Mrs. Caroline Repak is the daughter and sole heir of her mother by a former marriage. It is conceded that her mother died intestate, and that the property acquired during her second marriage with Frank Pavelka belongs to that community.
 

 Necessarily, at the dissolution of the second marriage by the death of Mrs. Pavelka, her undivided one-half interest in the community descended to her daughter and sole’ heir. R. C. C. art. 2406. .
 

 Act 160 of 1920 places the husband and the wife upon a basis of perfect equality as to the inheritance by either of the share of the deceased spouse in the community. If the deceased, whether husband or wife, leave either father, or mother, or descendants, the surviving spouse is excluded from inheriting the share in the community of the decedent dying intestate.
 

 If a child of the surviving wife by a former marriage is excluded, then the child of a surviving husband by a former marriage is likewise excluded from inheriting the half of the community acquired during a second marriage. Such construction, however, cannot be placed, in our opinion, upon the provisions of Act 160 of 1920.
 

 It is immaterial under the statute whether the children of a deceased wife or husband are the issue of the same or of a different marriage, as the language of the act does not limit the right of inheritance by descendants to the children born of the particular marriage during which the community property has been acquired.
 

 In other words, it .is not made a condition precedent that the child inheriting the share of a deceased father or mother should be also the child of the surviving spouse in community.
 

 
 *733
 
 On the contrary, the language of Act 160 of 1920 is of the most general and unrestricted character, when referring to descendants, as shown hy the following clause:
 

 “In the event the deceased leave descendants his or her share in the community estate shall be inherited by such descendants in the manner provided by law.”
 

 It is provided by the law of this state that the nearest relation in the descending line is called to the legal succession. R. C. C. art. 888.
 

 Legitiinate children or their descendants inherit from their father and mother, grandfather or other ascendants, without distinction of sex or primogeniture, and though they may be born from different marriages. R. C. C. art. 902.
 

 Legitimate children are forced heirs, and cannot be deprived of the estate reserved for them by law, except in cases where there is a just cause for disinherison. R. O. C. art. 1495.
 

 It is clear, therefore, that the judgment of the court below recognizing Mrs. Caroline Repak as the heir of her mother, and as a co-owner of an undivided one-half interest in the community property, to the exclusion of the surviving spouse, Frank Pavelka, is founded upon a correct construction of Act 160 of 1920.
 

 2. Mrs. Repak has prayed for damages for a frivolous appeal; the contention being that the appeal in this case was only for delay.
 

 This is the first time that the question here presented has been decided by this court.
 

 As the matter at issue is res nova, and as the point raised has been urged in this court with seriousness, and evidently with honest conviction on the part of counsel for Pavelka, we do not deem that this is a proper case for the infliction of the penalty claimed.
 

 A litigant naturally desires an appeal from an adverse judgment, and hig attorney may actually believe, though erroneously, that an appeal is the proper course for him to pursue in order to vindicate the rights of his client.
 

 To inflict damages for a frivolous appeal in a matter upon which this court has not passed at any time, especially as to the construction of a statute of this state, would be going to extremes, except in a case of patent delay and obvious trifling with justice.
 

 Judgment affirmed.